**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS AVILA-AVILA, | No. 13-72458 |
| Petitioner, | Agency No. A044-367-470 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Jose Luis Avila-Avila, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order of removal and denying his motion to remand.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to remand, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Avila-Avila's motion to remand based on ineffective assistance of counsel, where Avila-Avila failed to establish prejudice resulting from his former attorney's performance. *See Mohammed* at 793 (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that he was prejudiced by counsel's performance); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, a petitioner must show error and prejudice). Avila-Avila waived any challenge to the agency's determination that his attorney's alleged failure to obtain a continuance resulted in prejudice, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief), and failed to exhaust his contention that his former attorney failed to file an application for withholding of removal and protection under the Convention Against Torture ("CAT"), resulting in prejudice, *see Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to

consider legal claims not presented in petitioner's administrative proceedings before the agency).

The BIA also did not abuse its discretion or violate due process in denying Avila-Avila's motion to remand to apply for withholding of removal and CAT relief, where Avila-Avila failed to establish that the evidence he submitted was not available or could not have been obtained at the time of his removal hearing. *See* 8 C.F.R. § 1003.2(c)(1) (requiring "that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *Lata*, 204 F.3d at 1246. Avila-Avila failed to exhaust his contention that his former attorney's alleged ineffectiveness prevented him from submitting this evidence at his hearing. *See Tijani*, 628 F.3d at 1080.

In his opening brief, Avila-Avila fails to raise, and therefore has waived, any distinct challenge to the BIA's dismissal of his direct appeal from the IJ's order of removal. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

In light of this disposition, we do not reach Avila-Avila's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**